IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TIMOTHY LAVON BELL                                                                    PETITIONER

VS.                                                               CIVIL ACTION NO. 3:16cv586-DPJ-FKB

COMMISSONER MARSHALL
L. FISHER, Mississippi
Department of Corrections                                                              RESPONDENT

## REPORT AND RECOMMENDATION

### I. INTRODUCTION AND HISTORY

Timothy Lavon Bell, a Mississippi state prisoner, filed this action seeking federal habeas relief pursuant to 28 U.S.C. § 2254. The undersigned recommends that Bell's petition be denied.

In 2010, Bell sold controlled substances on two occasions as part of controlled undercover purchases. He was indicted and tried in the Circuit Court of Scott County for two counts of sale of methamphetamines. At trial, the primary witnesses for the prosecution were a law enforcement officer and the two confidential informants who participated in the undercover operations. The defense put on no evidence. The jury convicted Bell on both counts, and the court sentenced him as both a non-violent habitual offender and as a subsequent drug offender to two consecutive 40-year terms.

Bell appealed, raising two issues: (1) That his trial was unfair because he wore a red prison jumpsuit during the trial, and (2) that the trial judge erred in denying the prosecution's motion to *nolle pros* count one. The Mississippi Court of Appeals affirmed. *Bell v. State*, 168 So. 3d 1151 (Miss. Ct. App. 2014). Bell subsequently filed in the state supreme court an application to proceed in the trial court with a motion for

post-conviction relief (PCR) asserting that his trial counsel had been ineffective for failing to object to his appearance in prison garb.  [7-5] at 17.  By order entered December 14, 2015, the supreme court denied the application, determining that the claim was without merit.  [7-5] at 2.

Bell then filed for relief in this court, asserting two grounds for relief:

1. That he was deprived of the presumption of innocence when he was tried in prison garb before a jury; and

2. That his trial counsel rendered ineffective assistance in failing to object to Bell's appearance in prison garb at trial.

## II.  ANALYSIS

Because Bell's claims were adjudicated on the merits by the state courts, this court's review is subject to the highly deferential standard set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief in this case only if the state courts' rejection of the claims involved "an unreasonable application of . . . clearly established Federal law . . . as determined by the Supreme Court of the United States" or "an unreasonable determination of the facts" in light of the evidence presented to the state court.  28 U. S. C. § 2254(d).  The Supreme Court has repeatedly emphasized that " an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Williams*, 529 U.S. at 411.  Rather, the

2

application must be not only incorrect but also "objectively unreasonable." *Id.* at 409. Under this deferential standard, federal relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

Analysis of ineffective assistance claims begins with the well-known test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires that a petitioner show that his counsel's performance was deficient and that the deficiency resulted in prejudice to the defense. But when § 2254(d) applies, the ultimate question is not whether counsel was ineffective under *Strickland.* Rather, the reviewing court must ask "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

In ground one, Bell contends that his right to a fair trial was violated by his appearance in prison garb. The "clearly established federal law" on this issue, "as determined by the Supreme Court," is found in *Estelle v. Williams*, 425 U.S. 501 (1976). In *Estelle*, the defendant had appeared at his assault trial in prison-issued clothing. He sought habeas relief, alleging that this fact had denied him a fair trial. The Supreme Court held that the Fourteenth Amendment proscribes compelling a criminal defendant, against his will, to stand trial in prison garb. *Id.* at 503-504, 512. The Court found, however, that there was no evidence in the record that the petitioner had been compelled to wear his prison clothing. *Id.* at 512. Thus, the Court concluded that there had been no constitutional violation:

> [A]lthough the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable

> prison clothes, the failure to make an objection to the court as to being
> tried in such clothes, for whatever reason, is sufficient to negate the
> presence of compulsion necessary to establish a constitutional violation.

*Id.* at 512-513.

In considering this ground for relief, the Mississippi Court of Appeals quoted this portion of *Estelle* and observed that Bell had conceded that he never made any objection to being tried in prison clothing. *Bell*, 168 So. 3d at 1153. Neither did the court find any other evidence that Bell had been compelled to wear prison garb. *Id.* at 1152. Accordingly, the court concluded that there had been no constitutional violation. *Id.* at 1153. The court of appeals' decision was in no way contrary to *Estelle*. Accordingly, relief by this court on ground one is precluded.[1]

In ground two of the petition, Bell contends that his trial counsel's failure to object to, or take any action to preclude, Bell's appearance in prison garb amounted to ineffective assistance. There is no indication in the record as to why Bell's attorney allowed his client to appear in prison clothing. Assuming, *arguendo,* that the attorney's failure to object constituted deficient performance, it is nevertheless the case that Bell cannot show prejudice. In order to establish *Strickland* prejudice, Bell must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Furthermore,

---

[1] In his memorandum in support of the petition, Bell argues that it was the practice of the jurisdiction in which he was tried for defendants to appear before the jury in prison clothing, and thus any objection would likely have been futile. However, he has offered no evidence in support of this contention. More to the point, there was no such evidence before the state court, and this court is limited to reviewing the state court's factual findings "in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

4

*Richter* counsels that this court may not grant relief unless it concludes that there is no reasonable argument that the state court's rejection of this claim was correct.

The evidence against Bell was overwhelming. The confidential informants who participated in the sales testified that Bell purchased methamphetamine from them, and the jury saw video from the hidden cameras worn by the informants. Matthew Cox, a narcotics investigator with the Forest Police Department and a contract agent with the Mississippi Bureau of Narcotics, gave detailed testimony establishing that the buys were conducted in accordance with standard procedure and in a manner that made it unlikely that the informants would be able to fabricate any material facts concerning Bell's involvement. Thus, even if counsel erred with respect to Bell's appearance in prison garb, Bell has failed to show prejudice under *Strickland*. For this reason, no relief is available on Bell's claim of ineffective assistance.

### III.  CONCLUSION

Bell has not shown that the state courts' adjudications of his claims were contrary to, or involved unreasonable applications of, clearly established Supreme Court law or were based upon an unreasonable determinations of the facts. Accordingly, the undersigned recommends that habeas relief be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 24th day of April, 2019.

                                           s/ F. Keith Ball
                                           United States Magistrate Judge