UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TIMOTHY LAVON BELL                                                    PETITIONER

V.                                                 CIVIL ACTION NO. 3:16-CV-586-DPJ-FKB

COMMISSIONER MARSHALL L.                             RESPONDENT
FISHER, MISSISSIPPI
DEPARTMENT OF CORECTIONS

ORDER

This habeas petition under 28 U.S.C. § 2254 is before the Court on the Report and Recommendation ("R&R") [9] of United States Magistrate Judge F. Keith Ball. Judge Ball recommended denial of Petitioner Timothy Lavon Bell's Petition [1], in which he asserts two grounds related to the fact that he was tried before a jury in prison garb. Bell challenges the constitutionality of trying him in prison garb (ground one), as well as his trial counsel's performance in failing to object to his appearance in prison garb at trial (ground two). As to ground one, Judge Ball found that the Mississippi Court of Appeals's resolution of the issue was not contrary to federal law. On ground two, Judge Ball concluded that Bell failed to show the prejudice required to establish an ineffective-assistance-of-counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984).

Bell filed a brief Objection [12] to the R&R. As to ground one, Bell makes the correct observation that ordinarily, "an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption [of innocence] so basic to the adversary system." Obj. [12] at 2 (citing *Brooks v. Texas*, 381 F.2d 619 (5th Cir. 1967)). But he also admits that "nothing in the record here warrants a conclusion that Bell was compelled to stand trial in jail clothes." *Id.* Indeed, Bell did not object at trial to his clothing.

Under applicable federal law "the failure to make an objection to the court as to being tried in [prison] clothes . . . is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Estelle v. Williams*, 425 U.S. 501, 512–13 (1976). And based on *Estelle*, the Mississippi Court of Appeals found no constitutional violation. *Bell v. State*, 168 So. 3d 1151, 1153 (Miss. Ct. App. 2014). Because that holding was not an unreasonable application of clearly established federal law, habeas relief on this ground is denied.

Turning to ground two, Bell contends that trial counsel's failure to object to Bell being tried in prison clothes "permitted impermissible factors to come into play." Obj. [12] at 3. But as to the dispositive prejudice prong, Bell—through counsel—says only the following: "Coupled with the no known sound or logical trial strategy to have a client appear before a jury in prison clothes, the required prejudice prong of *Strickland* . . . must be pique with the influence of the prison clothing." *Id.* Assuming Bell meant to suggest that prejudice should be presumed under these circumstances, Bell cites no authority for that argument, and the Court is unaware of any. *See Bell v. Cone*, 535 U.S. 685, 695–96 (2002) (delineating "three situations implicating the right to counsel that involve[] circumstances 'so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified'").

Absent a showing that prejudice is presumed, the Court agrees with Judge Ball that the evidence was overwhelming. The jury convicted Bell on two counts of selling drugs, both of which occurred in controlled undercover purchases by confidential informants who testified at trial. Among other things, the jury saw video of the transactions. Because Bell failed to show prejudice under *Strickland*, habeas relief on ground two is likewise denied.

For the foregoing reasons, the Court adopts the Report and Recommendation [9] as the opinion of the Court and denies Bell's Petition [1].  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 3rd day of June, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
